

| | | |
|---|---|---|
| Attorneys at Law | Vermont | New York |
| — | — | — |
| Russell D. Barr* | 125 Mountain Road | 100 Park Avenue, Suite 1600 |
| Chandler W. Matson*** | Stowe, Vermont 05672 | New York, New York 10017 |
| Scott L. Keyes** | | |
| *   Member VT and NY Bars | +1 802 253 6272 (t) | +1 212 486 3910 (t) |
| **  Member VT Bar | +1 802 253 6055 (f) | +1 212 486 7688 (f) |
| ***Member VT, MA and NY Bars | | |

October 25, 2022

**BY ECF**

Judge Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, NY 11201

    RE: *Jin, et al. v. Fleet New York Metropolitan Regional Center, LLC, et al.*
         Case No.: 22-cv-00740-WFK-VMS

Dear Judge Chen:

    Per Your Honor's October 12, 2022 Scheduling Order, Plaintiffs' counsel respectfully submits the following letter regarding the proposed staying of this matter pending the resolution of the related SEC enforcement action.

    Plaintiffs include named representatives Bo Jin and Yang Song, along with 15 additional individual investors not yet named on the complaint. They have come to this Court seeking remedy and compensation for wrongdoing that has upended their lives – well beyond mere finances. As the Court knows, the investments Defendants marketed and sold to Plaintiffs were premised upon two dimensions of value: the potential for a positive financial return and – critically important – the capability to achieve legal permanent residency in the United States via the United States Customs and Immigration Services (USCIS) EB-5 immigrant investment program. Whereas properly run EB-5 projects can yield investors legal residency within 2-4 years, Plaintiffs here are at least five years on from their capital investment and, for all intents and purposes, remain at square one in their legal immigration quest.

    Your Honor's Scheduling Order referenced *Kappel v. Comfort* to guide Plaintiffs' letter addressing how judicial economy would, or would not, be served by staying this matter pending resolution of the related *S.E.C. v. Xia, et al.* litigation. As *Kappel* notes, courts have the authority to issue stays as a component of their power to administer their dockets. *Kappel v. Comfort*, 914 F.Supp. 1056, 1058 (S.D.N.Y. 1996). But, the *Kappel* court also emphasizes that deciding whether to issue a stay is predicated on a five-factor analysis, with an overarching goal to "avoid prejudice." *Id.*

In no uncertain terms, Your Honor appropriately references that judicial economy (termed "the interests of the courts" in *Kappel*) is one of the five factors. Other factors include "the private interests of and burden on the defendants … the interests of persons not parties to the civil litigation; and [] the public interest." *Id.* Though the *Kappel* opinion provides no indication that any one factor warrants more weight than the others, the court's first factor for consideration is "the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed[.]" *Id.* Because this analytical balancing test has "the basic goal [] to avoid prejudice," Plaintiffs respectfully submit that, under the circumstances of this case, an ongoing and indefinite delay for resolving Plaintiffs serious claims would be prejudicial to their interests, well exceeding any potential prejudice to other parties if no stay was issued. *Id.*

Plaintiffs merely seek the return of their investment. They have no interest in remaining invested within Defendants' deeply-flawed development project. Above all else, Plaintiffs have no faith in Defendants' promises and will not stake their life plans and financial well-being on any of Defendants' past, present, or future representations. Crucially, Plaintiffs urgently seek to "right the ship" for their immigration hopes – the single most important reason they sought any EB-5 investment, Defendants' project specifically. The world is nothing if not an uncertain place, and some would posit that uncertainty grows with each passing day. Plaintiffs desperately seek legal residency within the United States because the institutions and Rule of Law that sets America apart from many other nations represents, at its core, security – certainty.

Defendants September 7, 2022 Letter to Magistrate Judge Vera M. Scanlon (Doc. 20) sought to transfer this case to Your Honor's docket to enhance judicial economy and, ultimately, set the stage to "form a resolution that will satisfy Plaintiffs …and enable Defendants to complete these real estate projects." *Document 20*, at 2. Plaintiffs consented to the docket transfer as a reasonable, and non-prejudicial, path to achieve more efficient court processes. Defendants stated "private interests" may include restarting their real estate development. But, in fairness, Plaintiffs stated private interests are orders of magnitude more compelling. Ongoing, indefinite delays exacerbate existential consequences for Plaintiffs life goals, the singular motivating factor spurring investment in an EB-5 project currently derailed by multiple investor and regulatory lawsuits.

Finally, Plaintiffs do want to directly address Your Honor's question: how judicial economy is, or is not, served by staying this case pending resolution of *S.E.C. v. Xia, et al.* Plaintiffs acknowledge that a stay may, in the long run, be preferential for the court's interests. That said, Plaintiffs are without a reasonable basis to opine on whether the potential court efficiency garnered by a stay is so compelling that it outweighs the likely harm to Plaintiffs interests that a months, potentially years, long stay would cause. Put simply, while a stay may result in a more efficient court process, Plaintiffs respectfully request that this Court look beyond judicial efficiency alone when deciding whether to stay this case.

Thank you for considering these factors in your assessment.

Respectfully submitted,

*/s/ Russell Barr*